UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ZAR DONTAY DYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:13 CV 23 |
| | ) |
| MARION POLICE DEPARTMENT, *et al*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Zar Dontay Dyson, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under 28 U.S.C. § 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In other words, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in

original). Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Dyson claims that officers from the Marion Police Department, Grant County Sheriff's Department, and Indiana State Police committed numerous Fourth Amendment violations in connection with his arrest on December 25, 2010. Specifically, he alleges that the officers improperly searched his vehicle, falsely arrested him, and used excessive force in effectuating his arrest.[1]

The Fourth Amendment guarantees the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Claims for false arrest, excessive force, and other Fourth Amendment violations accrue at the time of the violation. *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008). In Indiana such claims must be brought within two years. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Although timeliness is an affirmative defense, dismissal at the pleading stage is appropriate if the defense is apparent from the complaint itself. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). Here, it is apparent that Dyson is complaining about an arrest that occurred in December 2010, and he tendered his complaint to prison officials for

---

[1] Documents Dyson submitted with the complaint indicate that he was arrested for the attempted murder of three police officers; he allegedly led the police on a high-speed chase and then exited his vehicle with an assault rifle, at which point he was shot several times by the officers. (*See* DE # 3.) According to medical records he submitted, he later tested positive for opiates and cocaine. (DE # 1 at 18.)

mailing on January 23, 2013. (DE # 1 at 9.) His claims were not brought within the two-year statute of limitations and are therefore untimely.

For these reasons, the complaint (DE # 1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A.

                                              **SO ORDERED.**

Date: February 4, 2013

                                        s/ James T. Moody
                                        JUDGE JAMES T. MOODY
                                        UNITED STATES DISTRICT COURT